## Richmond

### ROBERT LEWIS WARLITNER V. COMMONWEALTH OF VIRGINIA.

October 8, 1976.

Record No. 760163.

Present, All the Justices.

*Franklin R. Blatt (William A. Julias; Julias, Blatt and Blatt,* on brief), for plaintiff in error.

*Wilburn C. Dibling, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Carrico, J., delivered the opinion of the court.

In this homicide case, the defendant, Robert Lewis Warlitner, challenges his jury conviction of second degree murder on the ground that certain instructions granted by the trial court contravene the holding in *Mullaney* v. *Wilbur,* 421 U.S. 684 (1975). Specifically, the defendant contends that Instructions Nos. 8 and 15 improperly relieved the Commonwealth of the burden of proving malice, the essential ingredient of murder, and shifted to him, in order to reduce the offense to manslaughter, the burden of proving that he acted in the heat of passion upon sudden provocation.*

---

* The defendant also claims that the trial court erred in granting Instruction No. 12. This instruction, however, dealt with murder of the first degree. Because the jury convicted the defendant only of second degree murder, thereby acquitting him of the first degree charge, he will not now be heard to complain of Instruction No. 12.

The defendant was convicted by jury of second degree murder in the shooting death of Preston Meadows, and he was sentenced in accordance with the verdict to a term of eight years in the penitentiary. Evidence at trial showed prior animosity between the defendant and Meadows, stemming from the relationship of the defendant with Meadows' former wife. The evidence also revealed previous assaults by Meadows upon the defendant.

On March 2, 1975, the defendant encountered Meadows at a restaurant in Harrisonburg and asked to "speak to [him] outside." According to the defendant's testimony, once outside the restaurant, Meadows, after threatening to cut the defendant's throat, reached in his pocket and "come out with" what the defendant "took to be a knife." The defendant testified he then "pulled out [his] revolver and shot" Meadows. Two eyewitnesses testifying for the Commonwealth, however, stated they observed Meadows make no motions before the fatal shot was fired.

The instructions challenged by the defendant read as follows:

"Instruction 8

"The Court instructs the jury that every unlawful homicide in Virginia may be inferred to be murder in the second degree. In order to elevate the offense to murder in the first degree, the burden of proof is on the Commonwealth; and in order to reduce the offense to manslaughter, or to show a justification or excuse, the accused must produce evidence to raise a reasonable doubt as to the existence of malice."

"Instruction 15

"The Court instructs the jury that in the absence of proof to the contrary, malice may be implied from the deliberate use of a deadly weapon, when used in a manner calculated to take the life of another human being."

In *Mullaney* v. *Wilbur, supra,* the United States Supreme Court declared violative of due process a Maine law under which juries were charged that malice sufficient to support a conviction of murder was to be conclusively implied from proof of an unlawful and intentional homicide; to reduce the offense to manslaughter, the burden was upon the accused to prove by a fair preponderance of the evidence that he acted in the heat of passion upon sudden provocation. The Due Process Clause, the Court stated, requires the prosecution to prove beyond a

reasonable doubt the absence of heat of passion when the issue is properly presented in a homicide case. Any state law is constitutionally infirm, the Court held, which has the effect of shifting to the accused the burden of persuasion upon the critical issue of heat of passion upon sudden provocation.

In *Hodge* v. *Commonwealth*, 217 Va. 338, 228 S.E.2d 692 (this day decided), we considered the impact upon Virginia law of the *Mullaney* decision. In *Hodge*, the instruction in question, No. 17, told the jury that "every unlawful homicide is presumed to be murder in the second degree" and that in order "to reduce an unlawful homicide from murder in the second degree to manslaughter or excusable homicide, the burden is upon the defendant."

We said in *Hodge* that the presumption employed in the instruction was the type procedural device permissible under *Mullaney* to shift to the accused the burden of producing some evidence that he acted in the heat of passion before the Commonwealth was required to negate passion beyond a reasonable doubt. We further stated that when the instructions in the case were read as a whole, there could be no question that the ultimate burden of persuasion upon the issue of malice remained with the Commonwealth and was not shifted to the accused. Accordingly, we held that the instruction, which embodied the law of Virginia, did not contravene the holding in *Mullaney*.

A reading of Instructions Nos. 8 and 15 in the present case reveals an obvious difference in wording from Instruction No. 17 in *Hodge*. Where the present instructions say that every unlawful homicide "may be inferred" to be murder of the second degree and that malice "may be implied" from the deliberate use of a deadly weapon, the *Hodge* instruction said that every unlawful homicide "is presumed" to be murder of the second degree.

In *Hodge*, we stated that the Virginia presumption of second degree murder arising from the commission of an unlawful homicide amounts, in practical effect, to no more than an inference which the trier of fact is permitted, but is not required, to draw from proven facts. But, as *Hodge* demonstrates, whether the Virginia device be termed a presumption or an inference, our view of it remains the same — it is not conclusive and it does not impose upon the accused any burden of persuasion. Therefore,

having upheld without difficulty the challenged instruction in *Hodge*, we can as readily uphold Instructions Nos. 8 and 15 in this case.

Accordingly, for the reasons assigned in *Hodge*, we reject the defendant's claim that Instructions Nos. 8 and 15 contravene the holding in *Mullaney*. As in *Hodge*, when the numerous instructions granted by the trial court in this case are read as a whole, there can be no possible question that the burden of persuasion upon all the material elements, including malice, of the charge brought against the defendant clearly was imposed upon the Commonwealth and not upon the defense.

We note specially two instructions, granted by the trial court, which rebut the defendant's argument that the burden was shifted to him to disprove malice in order to reduce the grade of the offense from murder to manslaughter. In Instruction No. 16, the court told the jury that "in order for the killing to amount to murder in the second degree ... it is incumbent upon the Commonwealth to prove that the defendant acted with malice, and unless [the jury] believe from the evidence beyond a reasonable doubt that he did act with malice, [the jury] cannot find the defendant guilty of second degree murder."

Instruction No. 7 dealt specifically with the options available to the jury in deciding the case, depending upon the grade of the offense established by the evidence. This instruction stated in part that "the Commonwealth must prove from the evidence beyond all reasonable doubt every material fact, and the Court further tells [the jury] that if the jury have a reasonable doubt as to the grade of the offense, then [the jury] must resolve the doubt in favor of [the defendant] and find him guilty of the lower grade."

Finally, in this case, the defendant advances a contention not raised in *Hodge*. He claims that because all unlawful homicides in Virginia are presumed to be murder of the second degree and this presumption is "inextricably bound up with Virginia Code Sections 18.1-21 and 19.1-166," the two Code sections are unconstitutional *per se* under *Mullaney*.

We reject this contention out of hand. Code § 18.1-21 (now 18.2-32) merely prescribes what shall constitute murder of the first degree and then declares that all other murders shall be of the second degree. Section 19.1-166 (now 19.2-221) merely

prescribes short form indictments for murder and manslaughter. Neither section mentions, much less establishes, any presumptions or burdens. Nothing we have read, and nothing the defendant points to, in *Mullaney* casts any shadow upon the constitutionality of these two Code sections.

The judgment of the trial court will be affirmed.

*Affirmed.*