## Richmond

### LEROY HUSTON BAKER v. COMMONWEALTH OF VIRGINIA

September 1, 1977.

Record No. 761282.

Present: All the Justices.

*J. Ronald Lynch* (*Howard, Stevens, Lynch, Cake & Howard, P.C.,* on brief), for plaintiff in error.

*Alan Katz,* Assistant Attorney General (*Anthony F. Troy,* Attorney General, on brief), for defendant in error.

Per Curiam.

In a dispute during a dice game, Leroy Huston Baker shot and killed Aaron Johnson. In a scuffle between Baker and Henry Greene over Baker's gun, the gun discharged and Greene was killed. Under a two-count indictment, Baker was convicted by a jury of murder of the first degree and involuntary manslaughter. By final order entered May 28, 1976, the trial court confirmed the verdict and sentenced Baker on the two counts to penitentiary terms of 35 years and three years, respectively, the sentences to run concurrently.

■ In his notice of appeal and assignment of error filed July 9, 1976, defendant challenged certain instructions granted the Commonwealth as violative of "the due process of law concept announced in *Mullaney* v. *Wilbur,* 421 U.S. 684." As defendant noted on oral argument, at that time the cases of *Hodge* v. *Commonwealth,* 217 Va. 338, 228 S.E.2d 692 (1976), *Warlitner* v. *Commonwealth,* 217 Va. 348, 228 S.E.2d 698 (1976), and *Daughtery* v. *Commonwealth,* 217 Va. 353, 228 S.E.2d 701 (1976), had not been decided. The instructions considered in those cases were substantially equivalent to those granted in the case at bar, and since defendant's arguments on brief were expressly rejected in those cases, we find no merit in these assignments of error.

Defendant further contends that the trial court erred in granting Instruction 8:

> "The Court instructs the jury that to constitute a willful, deliberate, and premeditated killing, it is not necessary that the intention to kill should exist for any particular length of time prior to the actual killing; it is only necessary that such intention should have come into existence for the first time at the time of such killing, or at any time previously."

Conceding that this language, taken from the opinion in *Wright* v. *Commonwealth,* 74 Va. (33 Gratt.) 880, 893 (1880), has been repeatedly approved by this Court, defendant urges us to overrule the precedents. The language, he argues, is misleading. Specifically, he feels that it leads the jury mistakenly to believe

that premeditation is sufficient to support a conviction of first degree murder if it originates contemporaneously with the act of killing.

█ It is true that the prefatory clause refers to a "premeditated" killing. But the thrust of the body of the instruction, as distinguished from the function of the prefatory clause, is to define the time frame of only one of the elements of first degree murder, *viz.*, the malicious intent to kill.

Malicious intent is an element of both first degree murder and second degree murder. What elevates the lesser crime to the greater grade and invokes the heavier penalty is the element of premeditation. Because the language employed in Instruction 8 has been the predicate for so many appeals, it would be preferable in future cases to omit the words "and premeditated" from the prefatory clause. In the case at bar, however, the trial court carefully preserved the distinction between malicious intent and premeditation by instructing the jury in a separate instruction that, if the killing was committed "with malice but without premeditation", defendant could be convicted of nothing more than second degree murder.

Reading the instructions as a whole, we find no reversible error and the judgment will be affirmed.

*Affirmed.*