**Leroy Huston BAKER, Appellant,**

v.

**R. M. MUNCY; Attorney General of Virginia, Appellee.**

No. 79–6468.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 10, 1980.

Decided April 24, 1980.

Michael E. Geltner, Georgetown University Law Center, Appellate Litigation Clinic, Washington, D. C., Thomas R. Lopez, Third Year Law Student, for appellant.

Robert E. Bradenham, II, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen. of Va., Richmond, Va., on brief), for appellee.

Before FIELD, Senior Circuit Judge, and HALL and SPROUSE, Circuit Judges.

K. K. HALL, Circuit Judge:

Petitioner Leroy Huston Baker appeals from the district court's denial of habeas corpus relief under 28 U.S.C. § 2254. He challenges his first degree murder conviction on the ground that certain jury instructions unconstitutionally relieved the State of its burden to prove beyond a reasonable doubt all elements of the offense charged. We reverse.

Baker shot and killed Aaron Johnson in a dispute over a dice game. He was tried by a jury in the Circuit Court of Fairfax County, Virginia, and was convicted, despite his defense that Johnson appeared to reach for a gun in his pocket, causing petitioner to shoot out of fear for his own life.[1]

After the verdict, petitioner moved to set aside the conviction on the ground that several jury instructions were impermissible under *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). The trial court addressed and rejected the claim on the merits, despite petitioner's failure to object to all but one of the challenged instructions prior to submission to the jury. The Supreme Court of Virginia affirmed the conviction, rejecting petitioner's *Mullaney* argument in light of its then recent holdings in *Hodge v. Commonwealth*, 217 Va. 338, 228 S.E.2d 692 (1976), *Warlitner v. Commonwealth*, 217 Va. 348, 228 S.E.2d 698 (1976), and *Daugherty v. Commonwealth*, 217 Va. 353, 228 S.E.2d 701 (1976). *Baker v. Commonwealth*, 218 Va. 193, 237 S.E.2d 88 (1977).

Baker filed his petition for a writ of habeas corpus in the United States District Court for the Eastern District of Virginia. The district court denied petitioner's claim

---

1. In the scuffle that followed, Baker shot and killed Henry Greene. The jury, finding this killing accidental, convicted Baker of involun- tary manslaughter. Baker does not challenge the manslaughter conviction.

relating to Jury Instructions 4 and 5 under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 714 (1977), based on his failure to object in accordance with Rule 5:21, Rules of the Supreme Court of Virginia. In a second order, the district court, noting the trial court's refusal to penalize Baker for his failure to make a timely objection, denied this claim on the merits because the challenged instructions were similar to those upheld in *Frazier v. Weatherholtz*, 572 F.2d 994 (4th Cir. 1978).

## I. *Applicability of Wainwright v. Sykes*

As a preliminary matter, we must reject the State's contention that *Wainwright v. Sykes, supra*, precludes federal habeas corpus review of Instructions 4 and 5, which were not objected to until after the jury had returned its verdict.

▮ The recent decision of the Supreme Court in *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), shows that *Wainwright* does not automatically preclude consideration in federal habeas corpus of alleged constitutional error not objected to prior to jury delibera-

tion and verdict. Undoubtedly the notions of comity embodied in federal habeas corpus jurisdiction require us to "accord appropriate respect to the sovereignty of the States in our federal system," 442 U.S. at 154, 99 S.Ct. at 2223, by refusing to consider the merits of a federal constitutional claim which was denied in State court on an independent and adequate State procedural ground. *Wainwright, supra; Dooley v. Sheffer*, 572 F.2d 994, 996–98 (4th Cir. 1978). But where the State trial court has given leave to assert a belated challenge [2] and the Virginia Supreme Court has likewise considered the merits of the claim on appeal, giving no indication that the claim was barred in any event by procedural default,[3] we too may consider the claim.[4]

## II. *Instructions 4 and 5*

The thrust of petitioner's challenge is directed at the following instructions [5] to the jury:

[4] The Court instructs the Jury that a mortal wound given with a deadly weapon in previous possession of the slayer, without any provocation or even with

2. The trial court commented, "Well, if his argument has merit, the fact that it wasn't objected to at trial is not going to affect any decision I will make."

3. This is not a case where the State court, denying relief on the grounds that an objection was deemed waived, nevertheless addressed the merits of the claim in order to give other reviewing courts "the benefit of its views." *See Wainwright, supra*, 433 U.S. at 89–90, 97 S.Ct. at 2507–2508.

4. In *Dooley v. Sheffer, supra*, we refused to consider a *Mullaney* claim which was not cognizable on appeal because of failure to comply with Virginia's contemporaneous objection requirement. Rules 3A:23 and 5:21 (formerly 5:7) of the Supreme Court Rules. *See also Satterfield v. Zahradnick*, 572 F.2d 443 (4th Cir. 1978).

The situation here is different because the matter was preserved for appeal by the trial court's decision to consider the objection after verdict. Consideration of late objections is authorized by Rule 3A:23 of the Supreme Court Rules.

(c) *Objections* * * *

Objections shall be made out of the presence of the jury, and before the court instructs the jury unless the court grants leave to make objections at a later time.

The Supreme Court of Virginia gave no indication that it considered itself without jurisdiction to consider the matter because of the belated objection. On the contrary, it expressly ruled on the merits of petitioner's due process claim. *Baker, supra. See Ulster County, supra*, 442 U.S. at 146–154, 99 S.Ct. at 2219–2223. *See also Hankerson v. North Carolina*, 432 U.S. 233, 244 n.8, 97 S.Ct. 2339, 2345 n.8, 53 L.Ed.2d 306 (1977); *Francis v. Henderson*, 425 U.S. 536, 541 n.1, 96 S.Ct. 1708, 1711 n.1, 48 L.Ed.2d 149 (1976).

5. Also challenged in earlier proceedings was the instruction "every unlawful homicide is presumed to be murder in the second degree." Although it has been asserted that this instruction presumes the element of malice, *Warlitner v. Commonwealth*, 217 Va. 348, 228 S.E.2d 698 (1976), *Warlitner v. Weatherholtz*, 447 F.Supp. 82 (W.D.Va.1977), *app. dismissed* 598 F.2d 617 (4th Cir. 1980); *Dooley v. Sheffer*, 572 F.2d 994 (4th Cir. 1978); *Satterfield v. Zahradnick*, 572 F.2d 443 (4th Cir. 1978), petitioner did not assert this claim in the district court or on appeal and we therefore do not consider it.

slight provocation, is prima facie willful, deliberate and premeditated killing and throws upon the slayer the necessity of showing extenuating circumstances. That Instruction was No. 4, ladies and gentlemen.

[5] The Court instructs the Jury that the presumption referred to in instruction 4 is not a conclusive presumption, but may be overcome by proof of extenuating circumstances sufficient to create a reasonable doubt in favor of the Defendant, either as to the degree of the offense or as to his guilt or innocence. You are the judges of whether the weapon used by the defendant in this case was a deadly weapon when used in the manner and under the circumstances in which it was used, as disclosed by the evidence.

Petitioner contends that these instructions, read together, shifted to the defendant the burden of persuading the jury as to the nonexistence of premeditation, an essential element of first degree murder, upon proof that a deadly weapon in previous possession of the slayer was used to deliver the mortal wound.

Recent decisions of the Supreme Court in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) and *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979) guide our inquiry into whether the challenged instructions have the effect of shifting to the defendant the burden of persuasion as to an essential element of the crime in contravention of *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Mullaney v. Wilbur, supra*, and subsequent cases. The analysis necessarily begins with inquiry into the nature of the presumption created by Instructions 4 and 5. *Sandstrom, supra*, 442 U.S. at 513, 99 S.Ct. at 2454, *Ulster County, supra*, 442 U.S. at 155–161, 99 S.Ct. at 2224–27.

We readily conclude that Instructions 4 and 5 create a mandatory presumption rather than a permissive inference. *See Sandstrom, supra*, 442 U.S. at 513, 99 S.Ct. at 2454. But because the presumption is also, by its terms, not conclusive, the State asserts that it is nevertheless permissible.

■ The State argues that Instructions 4 and 5 shift to the defendants only a burden of production and the presumption is merely a procedural device which does not affect the State's obligation to prove each element beyond a reasonable doubt. *See Mullaney, supra*, 421 U.S. at 701–02 n.28, 30, 95 S.Ct. at 1890–91 n.28, 30; *Sandstrom, supra*, 442 U.S. at 515, 99 S.Ct. at 2455. While this might be a correct statement of the legal weight assigned the presumption under Virginia law, *see Hairston v. Commonwealth*, 217 Va. 429, 230 S.E.2d 626 (1976), *following Hodge v. Commonwealth*, 217 Va. 338, 228 S.E.2d 692 (1976), the recent United States Supreme Court decisions compel us to look at the actual language of the instructions to determine whether "a reasonable juror could have given the presumption conclusive or persuasion-shifting effect." 442 U.S. at 519, 99 S.Ct. at 2457.

■ We think a reasonable juror could have interpreted Instructions 4 and 5 as shifting to the defendant the burden of persuasion on the element of premeditation. Instruction 4 tells the jury that the delivery of a mortal wound with a deadly weapon and without sufficient provocation "throws upon the slayer the necessity of showing extenuating circumstances." Any doubt as to the risk that "showing" might be understood to be more than a production burden is resolved by Instruction 5, which directs that the presumption may be overcome by "proof of extenuating circumstances sufficient to create a reasonable doubt." We think it is possible—indeed likely—that a reasonable juror might view this burden of raising a reasonable doubt as one of persuasion.[6] *See United States v. Harrigan*, 586 F.2d 860 (1st Cir. 1978).[7]

---

**6.** In *Warlitner v. Weatherholtz*, 447 F.Supp. 82 (W.D.Va.1977) *app. dismissed* 598 F.2d 617 (4th Cir. 1980), Judge Turk commented on this very language:

Upon a reading of this instruction in isolation one might conclude that the defendant had the burden of raising a reasonable doubt as

**7.** See note 7 on page 331.

■ The State further contends petitioner's assertion at trial that he shot Aaron Johnson in self defense was sufficient to require him to bear the burden of establishing that affirmative defense. We agree that self defense is an affirmative defense under Virginia law and the State may, under principles set forth in *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), cast upon the accused the burden of proving self defense. *Frazier v. Weatherholtz*, 572 F.2d 994 (4th Cir. 1978); *McGhee v. Commonwealth*, 219 Va. 560, 248 S.E.2d 808 (1978). It does not follow, however, that petitioner's theory of the case at trial relieved the State of its obligation to prove that the killing was deliberate and premeditated in order to establish murder in the first degree.

While the absence of self defense is not an element of murder under Virginia law, *McGhee, supra*, 248 S.E.2d at 810, deliberation and premeditation undoubtedly are elements of first degree murder which the state must prove beyond a reasonable doubt. Va.Code § 18.2–32.[8] We think *Patterson's* salutary rule upholding affirmative defenses would be stretched too far if the assertion of an affirmative defense negated the State's obligation to prove the long-recognized elements of first degree murder.

■ Finally, we must dispose of the State's contention that the instructions, taken as a whole, cured any infirmity in the challenged instruction by clearly placing upon the State the burden of proving all elements beyond a reasonable doubt. Our review of the jury charge reveals that although certain instructions indicate the State must prove beyond a reasonable doubt every element of the offense, it is possible to interpret Instructions 4 and 5 as telling the jury this burden is satisfied as to deliberation and premeditation when the presumption is raised and not rebutted. The Court in *Sandstrom v. Montana, supra*, rejecting as unconstitutional a Montana instruction that a person is presumed to intend the ordinary consequences of his voluntary acts, addressed this problem:

. The potential for these [conclusive or persuasion shifting] interpretations of the presumption was not removed by the other instructions given at trial. It is true that the jury was instructed generally that the accused was presumed innocent until proven guilty, and that the State

---

to the existence of malice. This seemingly places a burden of persuasion upon the defendant which cannot be constitutionally placed upon him. It is not up to the defendant to raise a reasonable doubt as to the existence of malice, but up to the Commonwealth to prove him guilty beyond a reasonable doubt. The nuance is not without significance as a jury could conclude that upon finding a defendant guilty of an unlawful homicide they are to find him guilty of murder unless he has met a burden of persuasion which has been allocated to him of raising a reasonable doubt as to the existence of malice. Such a reading would place a burden of persuasion upon the defendant as to a necessary element of the Commonwealth's charge. In *Frazier v. Weatherholtz*, 572 F.2d 994 (4th Cir. 1978) we found no "exceptional circumstances" to justify rejecting the Virginia court's interpretation of the legal effect of similar language, but concluded that it was unnecessary to rest our decision on the effect of the presumption, since *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977) rendered it permissible for Virginia to require the defendant to bear the burden of persuasion

on the affirmative defense of self defense. *See infra* p. 331.

7. In *Harrigan* the court held there was "no question" the court was incorrect in instructing:

The burden in this trial, as in every criminal trial, is upon the Government to establish the guilt of the defendant by proof beyond a reasonable doubt. *That is the reason why I made the comment during the argument that the defendant's evidence has no greater function than simply to raise a reasonable doubt in your minds, if it does.* The defendant is not required to go any further.

586 F.2d at 862 (emphasis added).

8. Va.Code § 18.2–32 defines first degree murder as, *inter alia*, "any willful, deliberate, and premeditated killing."

In *Bradshaw v. Commonwealth*, 174 Va. 391, 398, 4 S.E.2d 752, 755 (1939) the court explained

Every malicious killing is murder, either in the first or second degree—the former if deliberate and premeditated, and the latter if not.

had the burden of proving beyond a reasonable doubt that the defendant caused the death of the deceased purposely or knowingly. . . . But this is not rhetorically inconsistent with a conclusive or burden-shifting presumption. The jury could have interpreted the two sets of instructions as indicating that the presumption was a means by which proof beyond a reasonable doubt as to intent could be satisfied.

442 U.S. at 518–19 n.7, 99 S.Ct. at 2456 n.7.

Following *Sandstrom*, we do not reject the familiar rule that challenged instructions must be viewed in the context of the overall charge. *Cupp v. Naughton*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973); *Reeves v. Reed*, 596 F.2d 628 (4th Cir. 1979). Under the instructions actually given in this case, however, we think there was a substantial risk that the jury would view the presumption in Instructions 4 and 5 as providing the necessary proof beyond a reasonable doubt.

The State has not attempted to show that the evidence presented to the jury rendered the presumption harmless, and we think petitioner is entitled to habeas corpus relief.

### III. *Instruction No. 8*

■ In accordance with petitioner's theory that the element of premeditation was presumed rather than proved in this case petitioner also challenges Commonwealth's instruction 8, which stated:

> The Court instructs the Jury that to constitute a willful, deliberate and premeditated killing, it is not necessary that the intention to kill should exist for any length of time prior to the actual killing. It is only necessary that such intention should have come into existence for the first time at the time of such killing or at any time previously.

Petitioner contends this equated a finding of premeditation with a finding of intent, ignoring the requirement of a previously formed design to kill.

We agree that the language of the instruction is misleading, but defer to the Virginia Supreme Court's suggestion that in future cases the words "and premeditated" should be omitted in order to make clear that the instruction relates only to the time frame of the element of malicious intent to kill. *Baker v. Commonwealth*, 218 Va. 193, 237 S.E.2d 88, 89 (1977).

For the reasons stated in parts I and II of this opinion, the judgment of the district court is reversed and the case remanded to the district court with directions to grant Baker's petition for a writ of habeas corpus unless the State, within a reasonable time to be determined by the district court, elects to retry him.

*REVERSED AND REMANDED.*