COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Annunziata and Overton
Argued at Alexandria, Virginia


GLEN DOUGLAS GREEN, JR.

v.        Record No. 1671-94-4        MEMORANDUM OPINION[*] BY
                                      JUDGE NELSON T. OVERTON
COMMONWEALTH OF VIRGINIA                 JANUARY 16, 1996


              FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                        Donald M. Haddock, Judge

            Susan Patterson (Richard C. Goemann; Kevin T.
            Gaynor; Office of Public Defender, on brief), for
            appellant.

            Marla Graff Decker, Assistant Attorney General
            (James S. Gilmore, III, Attorney General; John H.
            McLees, Jr., Assistant Attorney General, on
            brief), for appellee.


     Glen Green was convicted in a jury trial of second degree

murder in violation of Code § 18.2-32 and felonious use of a

firearm while committing murder in violation of Code § 18.2-53.1.

 On appeal he complains that the trial court erred both in

denying one of the defendant's jury instructions and in granting

two of the Commonwealth's jury instructions.  Finding no error,

we affirm the convictions.

     At trial, the defendant tendered a jury instruction based on

Virginia Model Jury Instruction 34.700 (Homicide — Lesser

Included Offenses) but containing slightly different language.

Specifically, the defendant added the wording:
          If you find that the defendant acted in the

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

heat of passion upon reasonable provocation such that you find that the Commonwealth has failed to prove that the killing was malicious beyond a reasonable doubt, then you shall find the defendant not guilty of murder.

If you find that the Commonwealth has proved beyond a reasonable doubt
(1) That the defendant killed Kenyon Clark; and
(2) That the killing was the result of an intentional act; and
(3) That the killing was committed while in the sudden heat of passion upon reasonable provocation;
then you shall find the defendant guilty of voluntary manslaughter . . . .

in place of the Model Instruction's wording:
If you find that the Commonwealth has failed to prove beyond a reasonable doubt that the killing was malicious but that the Commonwealth has proved beyond a reasonable doubt that the defendant killed Kenyon Clark and further:
(1) That the killing was the result of an intentional act; and
(2) That the killing was committed while in the sudden heat of passion upon reasonable provocation;
then you shall find the defendant guilty of voluntary manslaughter . . . .

The Commonwealth submitted the Model Instruction, which the judge chose over defendant's version.

Defendant claims that the Commonwealth's instruction shifts the burden of proving malice from the Commonwealth to the defendant. We do not agree. The jury was appropriately instructed as to the Commonwealth's burden of proof. The elements of malice and heat of passion were defined for the jury. The jury was told that the heat of passion excludes malice and that the difference between murder and manslaughter was the

presence or absence of malice.  The given instruction accurately and clearly stated the law and, in combination with the other instructions, covered all the issues raised.  Hudspith v. Commonwealth, 17 Va. App. 136, 137, 435 S.E.2d 588, 589 (1993).  The trial court did not err in choosing the given instruction.

The defendant also assigns error to the granting of the Commonwealth's instruction on the inference of malice.  He charges that the given instruction shifts the burden of proving malice to the defendant and that the instruction unfairly emphasizes the element of malice and is duplicative of other instructions.  These arguments fail.

As stated, the elements of the charged offenses as well as the burdens of proof were explained to the jury clearly from a reading of the instructions as a whole.  The burden of persuasion regarding malice was not shifted to the defendant.  The permissive inference of malice establishes a burden of production and not one of persuasion.  Warlitner v. Commonwealth, 217 Va. 348, 350, 228 S.E.2d 698, 700 (1976), cert. denied, 430 U.S. 957 (1977).  As this instruction was the only one to allow the jury to infer malice, it was not duplicative nor unduly emphatic.

For the reasons above, the trial court did not err in granting the Commonwealth's instructions and denying the defendant's.

Affirmed.