COURT OF APPEALS OF VIRGINIA


Present:  Judges Kelsey, Haley and Petty
Argued at Salem, Virginia


JESSE D. CAYTON, JR., S/K/A
  JESSE DELWIN CAYTON, JR.

                                                    MEMORANDUM OPINION* BY
v.       Record No. 0967-07-3                      JUDGE JAMES W. HALEY, JR.
                                                         AUGUST 12, 2008

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
                               Thomas H. Wood, Judge

            Duane K. Barron, Senior Assistant Public Defender (Office of the
            Public Defender, on briefs), for appellant.

            Jennifer C. Williamson, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


                                    I.  INTRODUCTION

        Jesse D. Cayton, Jr. (Cayton) maintains the evidence of malice is insufficient to support

his conviction by a jury of the first-degree murder of his wife and of the use of a firearm in

committing that murder.  Finding the evidence sufficient, we affirm.

                                       II.  FACTS

        The relevant facts may be succinctly stated.

        It is undisputed that on May 15, 2006, Cayton shot and killed his wife, George Ann

Cayton, using a .38 caliber pistol that held five bullets.

        At trial, George Harvey Mitchell, the victim's son, testified that he had visited his

mother the preceding day, Mother's Day, and spent three to four hours with her.  Though she

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

was eighty years old and suffered from congestive heart failure requiring oxygen, she told him that she was "doing okay." He testified: "She seemed pretty good" and was "glad to see me." Several years prior to the shooting, her son had given her the .38 caliber pistol for her protection, because Cayton was working night shifts and she was alone in the house.

Rev. Robert C. Vangilder, a defense witness, testified that the victim was a "warm and loving person." He continued: "[S]he said that she had a gun in the home and she had hid it. She said [Cayton] did not know where it was at."

Cayton testified as to the consequences of his wife's impaired physical condition. He stated:

> the day after Mother's Day . . . she got the gun and had it in her hand . . . and laid down . . . she asked me to help her -- help her shoot herself, and I said "No." And she handed me the gun and started yelling at me. And she said for me to shoot her.

He continued: "She started cussing and calling me names." Cayton shot her. He acknowledged that, consistent with her son's testimony, on the preceding day his wife "seemed" to be pretty good.

Introduced into evidence was a transcription of a statement Cayton gave to an investigator from the Augusta County Sheriff's Office on the day of the killing. He stated that, with respect to the .38 caliber pistol, which his wife had hidden from him: "The last time it was loaded I loaded it." Asked how many times he pulled the trigger, Cayton responded: "Five times and I pulled it and it wouldn't fire no more." After the shooting, Cayton advised, he packed his clothes and a razor in a bag, drove to a convenience store and bought a cigarette lighter and then drove to the Mount Sidney rest stop where he worked as a custodian. He told his supervisor what he had done.

That supervisor, Tina Howard, testified that Cayton told her he had killed his wife. She asked "Why?" "He said he couldn't take no more, she kept begging and begging."

The forensic evidence showed the victim had been shot once in the chest and twice in the head. The remaining two bullets from the five-shot weapon were recovered from the wall and from the floor, the latter having passed through some furniture.

The trial court instructed the jury as to the elements of murder and voluntary manslaughter, the definition of malice, that malice may be inferred from the use of a deadly weapon, and that when "malice is present, the killing is murder. When it is absent, the killing can be no more than manslaughter." No objections were made to any instruction given nor were any proffered instructions refused. Accordingly, those instructions became the law of the case.

## III. ANALYSIS

Under well established law, "we examine the evidence in the light most favorable to the Commonwealth, the prevailing party in the trial, granting to it all reasonable inferences fairly deducible therefrom." Armstrong v. Commonwealth, 263 Va. 573, 576, 562 S.E.2d 139, 140 (2002). This principle requires us to "'discard the evidence of the accused in conflict with that of the Commonwealth.'" Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (quoting Wright v. Commonwealth, 196 Va. 132, 137, 82 S.E.2d 603, 606 (1954)). In considering the sufficiency of the evidence from a jury verdict, the issue is simply "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). This Court will "affirm the conviction unless it is plainly wrong or without evidence to support it." Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 906 (2001).

Code § 18.2-32 defines first- and second-degree murder. Murder that is "willful, deliberate, and premeditated" is first-degree murder. Id. All other murder is second-degree murder. Id.

Malice represents "an essential element of all grades of murder." Rhodes v. Commonwealth, 238 Va. 480, 485, 384 S.E.2d 95, 98 (1989). It requires a willful or purposeful wrongful deed, which may be express or implied. Essex v. Commonwealth, 228 Va. 273, 280, 322 S.E.2d 216, 220 (1984). We have defined malice in this manner:

> Malice inheres in the intentional doing of a wrongful act without legal justification or excuse. Malice is not confined to ill will, but includes any action flowing from a wicked or corrupt motive, done with an evil mind or wrongful intention, where the act has been attended with such circumstances as to carry in it the plain indication of a heart deliberately bent on mischief. Malice is implied from any willful, deliberate and cruel act against another.

Williams v. Commonwealth, 13 Va. App. 393, 398, 412 S.E.2d 202, 205 (1991). Furthermore, "[m]alice may be inferred from the deliberate use of a deadly weapon." Luck v. Commonwealth, 32 Va. App. 827, 834, 531 S.E.2d 41, 44 (2000).[1] The presence of malice is a question for the finder of fact. Pugh v. Commonwealth, 223 Va. 663, 667, 292 S.E.2d 339, 341 (1982).

A killing that would be murder except that it lacks malice is manslaughter. Moxley v. Commonwealth, 195 Va. 151, 157, 77 S.E.2d 389, 393 (1953). "Manslaughter . . . is the unlawful killing of another without malice. To reduce a homicide from murder to voluntary manslaughter, the killing must have been done in the heat of passion and upon reasonable provocation." Barrett v. Commonwealth, 231 Va. 102, 105-06, 341 S.E.2d 190, 192 (1986) (citation omitted).

---

[1] We note this inference does "not constitute a conclusive presumption or 'impose upon the accused any burden of persuasion.'" Smith v. Commonwealth, 239 Va. 243, 264, 389 S.E.2d 871, 882 (1990) (quoting Warlitner v. Commonwealth, 217 Va. 348, 350-51, 228 S.E.2d 698, 700 (1976), cert. denied, 430 U.S. 957 (1977)).

- 4 -

We conclude the evidence sufficed for a rational trier of fact to conclude Cayton acted with malice. Cayton admits he shot his unarmed eighty-year-old wife. The jury could find he apparently found the .38 caliber pistol his wife had hidden from him and he loaded the gun. See Litton v. Commonwealth, 101 Va. 833, 843, 44 S.E. 923, 925 (1903). He further testified his wife appeared in good spirits the day before the incident. George Mitchell, the victim's son, testified he visited his mother for between three to four hours the day before her death and she seemed "pretty good." He stated she was "getting around fairly well" and "seemed glad to see me." While Cayton argues he acted in a moment of passion and only complied with his wife's desire that he kill her, the jury did not have to accept the truthfulness of this explanation of his admitted actions.[2] Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998). The jury could draw its own rational inferences and conclusions from the evidence, one of those being that Cayton acted with malice. Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982). The fact that Cayton apparently found and loaded the pistol, that he fired all five rounds in the same and still continued pulling the trigger, and that he initially packed his bag for flight are each circumstances that the jury properly considered in concluding he acted with malice. Utz v. Commonwealth, 28 Va. App. 411, 415, 505 S.E.2d 380, 382 (1998).

Accordingly, we affirm the judgment of the circuit court.

Affirmed.

---

[2] Cayton offered no expert medical evidence as to his wife's physical or psychological condition.