**Thomas H. WYNN, Appellee,**

v.

**William A. MAHONEY, Brunswick . Correctional Unit, Appellant.**

**No. 78–6212.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 11, 1979.

Decided June 29, 1979.

---

Joan Byers, Asst. Atty. Gen., Raleigh, N. C. (Rufus L. Edmisten, Atty. Gen. of North Carolina, Richard N. League, Asst. Atty. Gen., Raleigh, N. C., on brief), for appellant.

Sydenham B. Alexander, Jr., Durham, N. C. (Alexander & McCormick, Durham, N. C., on brief), for appellee.

Before WINTER and BUTZNER, Circuit Judges, and FIELD, Senior Circuit Judge.

WINTER, Circuit Judge:

The district court sustained the challenge of Thomas H. Wynn to the constitutional validity of the jury instructions under which he was convicted of voluntary manslaughter in a North Carolina state court and granted him a writ of habeas corpus. The district court ruled that the jury instructions improperly placed the burden of proving provocation and self-defense on Wynn, rather than on the state. Although we conclude that the charge to the jury on provocation did not entitle Wynn to habeas corpus relief since the instruction was not prejudicial, we affirm the issuance of the writ because of the infirmity in the charge to the jury on self-defense.

### I.

Wynn shot and killed Edmund Hardin, a trailer park manager, shortly after Hardin and Wynn's brother had engaged in an argument at a party in Wynn's trailer. Originally charged with murder in the first degree, Wynn was arraigned and tried for second degree murder and lesser included offenses. After a jury trial in which evidence of both provocation and self-defense was presented, the trial judge gave the following instructions:

In order to reduce the crime to voluntary manslaughter the defendant must prove, not beyond a reasonable doubt, but simply to your satisfaction that there was no malice on his part and in order to excuse his act altogether on the grounds of self defense, the defendant must prove not beyond a reasonable doubt but simply to your satisfaction that he acted in self defense.

On the basis of these and other instructions, the jury found Wynn guilty of voluntary manslaughter. Wynn was sentenced to a term of ten to fifteen years imprisonment.

Following an unsuccessful appeal to the North Carolina Court of Appeals and the denial of certiorari by the North Carolina Supreme Court, Wynn filed this action in the district court. The petition was dismissed initially because Wynn's challenge to the jury instructions had not been raised in state court. The case was reopened, however, when an intervening state court decision, *State v. Hankerson*, 288 N.C. 632, 220 S.E.2d 575 (1975), *rev'd on other grounds sub nom. Hankerson v. North Carolina*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977), indicated that no state remedy was available by ruling that *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), the authority on which Wynn relied, did not apply retroactively.

Although the district court found that Wynn had exhausted his state remedies, it also concluded that *Mullaney* was not retroactive. Accordingly, it dismissed the case a second time. An appeal to this court resulted in a remand for reconsideration in light, *inter alia*, of *Hankerson v. North Carolina*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977), which held that *Mullaney* applied retrospectively. *See Wynn v. Mahoney*, No. 76–8334, Dec. 12, 1977 (unpublished). Upon reconsideration, the district court held that the jury instructions were constitutionally infirm for the reasons set forth in a contemporaneous decision, *Cole v. Stevenson*, 447 F.Supp. 1268 (E.D.N.C.1978), *appeal pending*, No. 78-6211 (4 Cir., argued Oct. 2, 1978), and issued a writ of habeas corpus.

North Carolina now appeals the grant of the writ.[1]

## II.

██ The district court found the instruction on provocation, as well as that on self-defense, to be constitutionally defective. North Carolina admits that the charge with respect to provocation, like that in *Mullaney, supra,* unlawfully placed the burden of disproving malice on Wynn. But since Wynn convinced the jury to reduce the crime from murder to manslaughter, Wynn appears to have met the burden put upon him. We conclude, therefore, that the error was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In so doing, we find no merit in Wynn's contention that the error in the provocation instruction infected the jury's consideration of the charge on self-defense.

## III.

██ Because proof of self-defense constitutes an absolute defense in that it renders the homicide justifiable, any error in the trial court's instruction concerning self-defense was necessarily prejudicial. The Supreme Court has not yet considered the proper allocation of the burden of proof with regard to self-defense. However, a review of the relevant Supreme Court and North Carolina decisions leads us to conclude that the North Carolina jury instruction on self-defense in effect on the time of Wynn's conviction violated the due process clause.[2]

In the seminal case dealing with the allocation of the burden of proof in criminal cases, the Supreme Court held that due process requires the prosecution to prove every element of the offense charged beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1969). The rationale of *Winship* was subsequently applied in *Mullaney* to invalidate the Maine requirement that a defendant prove provocation in order to reduce a murder charge to manslaughter. 421 U.S. at 704, 95 S.Ct. 1881. The scope of *Winship*

1. Although in its answer to the original petition for a writ of habeas corpus North Carolina pleaded non-exhaustion, it made no such claim in its brief in this appeal. At oral argument, we raised the question about exhaustion of state remedies anew and also inquired into possible non-compliance with a state contemporaneous objection rule contrary to *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). We are now of the opinion that neither of these doctrines precludes review in this case. While state courts are generally given an opportunity to apply a recent change in constitutional law to prisoner petitions, *see James v. Copinger,* 428 F.2d 235, 242 (4 Cir. 1970), there was no available state remedy at the time the petition was filed and this case has been decided by us once before without our invoking the exhaustion doctrine. Thus, we are persuaded that further exhaustion should not be required. We have no occasion to decide the *Wainwright* question since North Carolina explicitly waived that point in oral argument of this appeal.

2. The instruction in question required Wynn to prove self-defense, not beyond a reasonable doubt, but only to the jury's satisfaction. Satisfaction of the jury has been defined by the Supreme Court of North Carolina as

   a standard no greater and at the same time one not significantly less than persuasion by a preponderance of the evidence. Satisfying

the jury means that there must be some evidence offered of all elements of heat of passion, on sudden provocation or of self-defense, as the case may be, and that this evidence must satisfy or persuade the jury of the truth of the existence of these provocations—one which robs the crime of malice and the other which excuses it altogether. *State v. Hankerson, supra,* 220 S.E.2d at 587. *Mullaney* expressly condoned the state requirement that a defendant produce "some evidence" of provocation or self-defense before the prosecution is called upon to prove the absence of these defenses beyond a reasonable doubt. 421 U.S. at 701 n.28 and 702 nn.30 & 31, 95 S.Ct. 1881. While North Carolina has placed upon its defendants the burden of producing "some evidence" of provocation or self-defense, it has gone on to require that the evidence "must satisfy or persuade the jury of the truth of the existence of these provocations," a standard "not significantly less than persuasion by a preponderance." Accordingly, the Supreme Court of North Carolina determined that its standard, unlike the requirement contemplated in the *Mullaney* footnotes, shifted the burden of persuasion and not simply the burden of production to the defendant. *State v. Hankerson, supra,* 220 S.E.2d at 587.

and *Mullaney* appears, however, to have been limited by *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). In *Patterson,* the Supreme Court upheld the New York requirement that a defendant charged with second degree murder show extreme emotional disturbance to lessen the crime to manslaughter. *Patterson* relied on the fact that the New York statute, unlike the Maine statute, did not include malice as an element of murder. Rather, extreme emotional disturbance was defined as an affirmative defense. As a result, no element of the crime was presumed and no burden placed on the defendant to negate an essential element of the crime. *Id.* at 205–06, 97 S.Ct. 2319.

In *State v. Hankerson, supra,* the Supreme Court of North Carolina held that the long-standing North Carolina rule placing the burden of proving self-defense on the defendant was unconstitutional under *Mullaney. Id.* 220 S.E.2d at 587. The court refused, nonetheless, to apply *Mullaney* retroactively. 220 S.E.2d at 589. The case was later reversed by the Supreme Court of the United States on the ground that *Mullaney* was to be accorded retroactive effect. *Hankerson v. North Carolina,* 432 U.S. 233, 240, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977). But that Court declined to consider whether due process required the North Carolina prosecutor to disprove self-defense since the issue was not properly raised by the parties. 432 U.S. at 245, 97 S.Ct. 2339. Although two members of the Court suggested that the state supreme court re-examine its holding in light of *Patterson, id.* (Burger, C. J., & Blackmun, J., concurring), the state court on remand summarily ordered a new trial in conformity with the Court's opinion on retroactivity. 293 N.C. 260, 247 S.E.2d 234 (1977).

We think that the ruling of the Supreme Court of North Carolina as to the unconstitutionality of the North Carolina self-defense instruction was correct, and that this result is not affected by *Patterson.* In specifying the instructions to be given in future homicide cases, the North Carolina Supreme Court stated that

> the State must bear the burden throughout the trial of proving *each element of the crime charged including,* where applicable, malice and *unlawfulness* beyond a reasonable doubt.

220 S.E.2d at 589 (emphasis added). Since North Carolina considers unlawfulness—or the absence of self-defense—to be an element of murder, the rationale of *Patterson,* which extends only to affirmative defenses, is inapplicable.[3] We hold, therefore, that the instruction putting the burden of proving self-defense upon Wynn was constitutionality infirm under *Mullaney* and that the issuance of the writ by the district court was correct.[4]

*AFFIRMED.*

**3.** Any burden that might have existed on Wynn to produce some evidence indicating that he acted in self-defense so as to trigger North Carolina's obligation to prove the unlawfulness of the killing beyond a reasonable doubt was amply met. The evidence showed that Wynn's brother and the deceased had an argument at the party in Wynn's trailer. The deceased left but later returned armed, so Wynn was advised, with a gun. Wynn armed himself and went out of the trailer to meet the deceased. The argument between the deceased and Wynn's brother then resumed and Wynn attempted to quell it. The deceased raised his gun, pointed it at Wynn, said that he would kill Wynn, and fired a number of times. Each shot missed. According to Wynn:

> At the time I shot him, it was obvious from his threats that he was going to kill me in that he had shot at me four times and was still aiming his pistol at me at the point in time that I fired.

**4.** *Frazier v. Weatherholtz,* 572 F.2d 994 (4 Cir. 1978), which upheld Virginia's requirement that a defendant raise a reasonable doubt as to self-defense, is distinguishable. In the first place, the Supreme Court of Virginia had held that the rule shifted only the burden of production, not the burden of persuasion, to the defendant. *See* n.2 *supra.* Secondly, there was no indication that Virginia regarded unlawfulness as an element of murder; rather, the court appeared to view the plea of self-defense in Virginia as an affirmative defense and applied *Patterson* accordingly.