**Hugh H. TENNON, III, Petitioner-Appellee,**

v.

**Dr. James RICKETTS, Warden, Respondent-Appellant.**

No. 79–3305.

United States Court of Appeals, Fifth Circuit. Unit B

April 10, 1981.

Rehearing and Rehearing En Banc Denied May 21, 1981.

Susan V. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellant.

C. B. King, Albany, Ga., for petitioner-appellee.

Before GODBOLD, Chief Judge, and HATCHETT, Circuit Judge, and MARKEY *, Chief Judge.

HATCHETT, Circuit Judge:

In this case the State of Georgia appeals the grant of 28 U.S.C. § 2254 habeas relief to Hugh H. Tennon, III, convicted of murder and sentenced to life imprisonment. At issue is whether the Georgia trial court's instruction to Tennon's jury shifted the burden to Tennon to prove his innocence in violation of the due process clause of the fourteenth amendment. Relying on *Holloway v. McElroy*, 632 F.2d 605 (5th Cir. 1980), we hold that the trial court's charge unconstitutionally shifted the burden of persuasion to Tennon on the issue of self-defense and that this unconstitutional shift was not harmless error. Accordingly, we affirm the decision of the district court that Tennon must receive a new trial.

FACTS

A Georgia grand jury indicted Tennon for the murder of a police officer. Tennon was

---

* Of the U.S. Court of Customs and Patent Appeals, sitting by designation.

tried and convicted of murder. At his jury trial, the prosecution proved that the officer had taken Tennon into custody for distributing the newspaper *Muhammad Speaks* without a city permit. The officer placed Tennon in the passenger side of his police car and headed towards the police station. After driving a few blocks, according to the prosecution, Tennon grabbed the officer's handgun and shot him five times, fatally wounding the officer. The prosecution's case rested on a witness who testified that he saw Tennon taken into custody and on another witness who said he saw a man flee from the car after it stopped. This witness could not identify the man that fled.

Tennon testified in his own defense. He stated that he was arrested for selling newspapers without a permit; that the officer then unnecessarily forced him into the police car. Tennon testified that, in the car, the officer made racially abusive remarks and struck him in the face without provocation. Tennon further testified that a struggle ensued, at which point the officer drew his handgun; that he and the officer fought over the gun and "the gun started shooting." In essence, Tennon testified that the shooting was either in self-defense or accidental.

The Georgia trial court instructed the jury as to Tennon's presumption of innocence and the prosecution's burden to prove each and every element of the crime of murder beyond a reasonable doubt. The court defined murder, instructed as to the lesser included offense of voluntary manslaughter, and instructed as to self-defense. The court's instructions to the jury included the following disputed portion.

Members of the Jury, a crime is a violation of a statute of this State in which there shall be a union of joint operation of act, or omission to act, and intention, or criminal negligence.

I charge you every person is presumed to be of sound mind and discretion, but the presumption may be rebutted.

I charge you that the acts of a person of sound mind and discretion are presumed to be the product of the person's will, but the presumption may be rebutted.

A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the presumption may be rebutted.

I charge you that a person will not be presumed to act with criminal intention, but the trier of facts, and that's the jury, may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.

I charge you further, that the law presumes every intentional homicide to be malicious until the contrary appears from circumstances of alleviation, of justification, of mitigation, or excuse, and the burden is upon the slayer whenever an intentional homicide has been proved to make out such circumstances to the satisfaction of the jury unless they appear from the evidence produced against him. If, however, the proof, if there be any, that shows the homicide itself discloses that the homicide was done without malice, this presumption that the homicide is malicious does not exist, but if the accompanying proof, if there be any, does not disclose that the killing was done without malice, then it is incumbent upon the slayer to show that it was done without malice.

I charge you, however, that this presumption which arises against the slayer where an intentional homicide is shown, does not arise against a Defendant unless it first be shown to a moral and reasonable certainty, and beyond a reasonable doubt, that the Defendant is the intentional slayer. Unless it appears beyond a reasonable doubt, and to a moral and reasonable certainty, that this Defendant is the intentional slayer, this presumption does not arise in this case and has no application to this case.

I charge you that when a killing is proved to be the intentional act of the defendant, *the presumption of innocence with which he enters upon the trial is*

*removed from him and the burden is upon him to justify or mitigate the homicide* unless the evidence introduced against him shows justification or mitigation or excuse, but as I have charged you heretofore, the evidence in justification or mitigation or excuse may be found in the evidence introduced against him. If there be no evidence introduced to show justification or excuse, and if the evidence introduced shows the homicide committed as charged in the Indictment, *the burden would then be upon the defendant to show justification or mitigation or excuse.* [Emphasis added.]

Tennon was convicted of murder and sentenced to life imprisonment. Tennon's conviction and life sentence were upheld in *Tennon v. State*, 235 Ga. 594, 220 S.E.2d 914 (1975), *cert. denied*, 426 U.S. 908, 96 S.Ct. 2231, 48 L.Ed.2d 833 (1976).

## THE DISTRICT COURT DECISION

After exhausting state remedies, Tennon petitioned for federal habeas corpus relief, but lost on appeal in *Tennon v. Ricketts*, 574 F.2d 1243 (5th Cir. 1978), *cert. denied*, 439 U.S. 1091, 99 S.Ct. 874, 59 L.Ed.2d 57 (1979), as to his contention that he had timely complained of unconstitutionally composed grand and petit juries. There, a panel of this court remanded Tennon's petition for reconsideration of claims which the district court had not decided. In his original habeas petition, Tennon had also asserted that the trial court's instruction to the jury violated his constitutional rights by unconstitutionally shifting to him the burden of proving an essential element of the crime of murder. On remand, the district court granted Tennon habeas relief on the basis of *Holloway v. McElroy*, 474 F.Supp. 1363 (M.D.Ga.1979), a case in which the same district court had found unconstitutional an identical jury instruction given by the same Georgia state court as in *Tennon*. The district court reasoned that Tennon merited relief because:

[a]s in *Holloway*, the instruction permits the jury to presume the element of intent from the proof of facts which are insuffi-

cient to establish the crime. *See Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Furthermore, the instruction impermissibly shifts the burden of proof of every element of the crime from the prosecution. *See Sandstrom, supra; Mullaney v. Wilbur*, 421 U.S. 674, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Accordingly, *Holloway* controls the decision in this case and for the reasons stated therein the charge is unconstitutional. All that remains to be determined is whether the charge, under the facts of this case, is harmless error beyond a reasonable doubt.

There is no way for this court to conclude that the charge was harmless beyond a reasonable doubt. By no means did the prosecution present an overwhelming case for guilt. There were no witnesses to what occurred in the automobile other than Tennon who testified that the homicide was accidental or in self-defense to Sergeant Watson drawing his revolver. Of particular significance is the uncontradicted fact that Sergeant Watson wore his revolver on his left side making it difficult for the petitioner, sitting at Watson's right, to reach across Watson's body for the weapon. Under these circumstances the court cannot conclude beyond a reasonable doubt that the erroneous allocation of the burden of proof did not contribute to the verdict. *See Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The district court then ordered that Tennon be given a new trial. The State of Georgia brings this appeal.

## ISSUE

We must decide whether the Georgia trial court's charge to the jury unconstitutionally shifted the burden to Tennon to prove his innocence.

## DISCUSSION

Our task is a simple one, for we are bound by this court's recent decision in *Holloway v. McElroy*, 632 F.2d 605 (5th Cir. 1980). The similarities in *Tennon* and *Hol-*

*loway* are striking. Both Tennon and Holloway were tried for murder before the same state trial judge. The judge gave identical jury instructions. Both Tennon and Holloway argued self-defense. The only dissimilarity in the two cases is that Holloway was convicted of voluntary manslaughter, rather than murder.

The *Holloway* court, in an exhaustive decision, held unconstitutional the charge as to the burden of persuasion on self-defense. That charge, identical to the charge given Tennon's jury was:

I charge you that when a killing is proved to be the intentional act of the defendant, *the presumption of innocence with which he enters upon the trial is removed from him and the burden is upon him to justify or mitigate the homicide* unless the evidence introduced against him shows justification or mitigation or excuse, but as I have charged you heretofore, the evidence in justification or mitigation or excuse may be found in the evidence introduced against him. If there be no evidence introduced to show justification or excuse, and if the evidence introduced shows the homicide committed as charged in the Indictment, *the burden would then be upon the defendant to show justification or mitigation or excuse.*

*Holloway* at 619–20. (Emphasis added by *Holloway* court.)

The *Holloway* court arrived at its holding by referring to the Georgia definition of both murder and voluntary manslaughter and analyzing their respective elements. The court concluded that for both murder and voluntary manslaughter, unlawfulness, in the sense of absence of excuse or justification, is an essential element of the crime. The court defined this unlawfulness as an absence of self-defense, noting that lawfulness was proved by establishing self-defense. The court then applied the principles of *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (state must prove every element of a crime), and *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975) (state may not place

upon the defendant the burden of persuasion on an issue that, if proved, would necessarily negate an element of the crime) to the charge on self-defense and determined that:

In short, in this case, unlike *Patterson*, [*Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977)], it is emphatically *not "plain enough* [emphasis in original] that if the intentional killing is shown, the State intends to deal with the defendant as a murderer unless he demonstrates the mitigating circumstances"—here, the absence of unlawfulness. Rather, it seems to us that unlawfulness—including the absence of self-defense—is an essential element of the offense. *If Georgia includes within its murder and manslaughter laws unlawfulness as an element of those crimes, while at the same time Georgia courts require the defendant to prove lawfulness by virtue of self-defense, that construction makes the statutes' operation run contrary to the Constitution under Winship and Mullaney.* [Emphasis added.]

. . . .

Having decided that the absence of self-defense is an essential element of the crime of voluntary manslaughter, and that the trial court's charge operated to place the burden of persuasion on Holloway on this issue, we are compelled by *Winship* to conclude that Holloway's conviction was in violation of his due process rights under the United States Constitution. We agree also with the district court that this was patently not harmless error beyond reasonable doubt, *see Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Wynn v. Mahoney*, 600 F.2d 448, 450 (4th Cir.), *cert. denied*, 444 U.S. 950, 100 S.Ct. 423, 62 L.Ed.2d 320 (1979).

*Holloway* at 635.

This determination in *Holloway* controls our decision. We therefore hold that the trial court's charge on self-defense unconstitutionally shifted the burden of persuasion to Tennon.

At oral argument the State of Georgia contended that it would be improper for this panel to rely on the *Holloway* decision; that *Holloway* is factually distinguishable and thus not controlling in *Tennon* because Holloway was convicted of voluntary manslaughter.

We reject this argument. The only factually distinguishable circumstance between *Holloway* and *Tennon, the fact that Holloway was convicted of voluntary manslaughter and not murder,* is irrelevant to our narrow holding. We hold only that, as in *Holloway,* the charge on self-defense unconstitutionally shifted the burden of persuasion and that this unconstitutional shift was not harmless error. Once the trial court gave this unconstitutional charge it is irrelevant as far as determining whether *Holloway* is precedent for *Tennon,* whether the jury convicted for murder or voluntary manslaughter.

We note that the district court, which made its prior *Holloway* decision in part of its *Tennon* decision, also found that the charge unconstitutionally shifted the burden on intent and malice. As did our *Holloway* panel concerning the district court's *Holloway,* we regard as no more than dictum that portion of the *Tennon* district court decision that is based on alleged errors as to the intent and malice charge.

## CONCLUSION

We affirm the district court's grant of habeas relief that mandates a new trial for Tennon on the ground that the state trial court's instruction on self-defense unconstitutionally shifted the burden of persuasion to Tennon.

AFFIRMED.