Sarah THOMAS, Petitioner,

v.

William D. LEEKE, Commissioner, and the Attorney General of the State of South Carolina, Respondents.

Civ. A. No. 81–1523–1.

United States District Court,
D. South Carolina,
Columbia Division.

Sept. 14, 1982.

Vance L. Cowden, University of South Carolina School of Law, Columbia, S. C., for petitioner.

Preston F. McDaniel, Asst. Atty. Gen., Columbia, S. C., for respondents.

## ORDER

HAWKINS, District Judge.

The petitioner, Sarah Thomas, is a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. This action is before the court on the report and recommendation of the United States Magistrate made in accordance with 28 U.S.C. § 636(b)(1)(B). This court is charged with making a *de novo* determination of any portion of the Magistrate's recommendation to which specific objection is made, and it may accept, reject or modify, in whole or in part, the recommendations made by the Magistrate or recommit the matter to the Magistrate with instructions.

In his report and recommendation to this court, the Magistrate concluded that the trial judge's charge did not unconstitutionally shift the burden of proof to the petitioner on the issue of self-defense. There-

fore, it was recommended that the petitioner's application for relief be denied. The petitioner filed exceptions to the Magistrate's report.

After reviewing the record, the applicable law, the briefs of the parties, and the recommendation of the Magistrate, it is this court's opinion that petitioner's request for relief be denied. An elaboration of this court's reasoning is in order since the resolution of this issue may resolve some problems in future homicide cases.

The petitioner is presently serving a life sentence in the Women's Correctional Center of the South Carolina Department of Corrections. She was indicted for murder at the December 1979 term of the Richland County Court of General Sessions. She was convicted of murder for shooting Carnell Hunter on October 13, 1979, in Dell's Lounge in Columbia, South Carolina. The defendant timely objected to the judge's charge with regard to self-defense. The petitioner appealed to the South Carolina Supreme Court on the ground that the trial judge's charge to the jury unconstitutionally shifted the burden of persuasion to the defendant with regard to self-defense in violation of *In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1969), and *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). The South Carolina Supreme Court summarily rejected the petitioner's claim and affirmed the conviction.

The petitioner filed a habeas corpus application in this court alleging a violation of her fourteenth amendment due process rights. As in her appeal to the State Supreme Court, the petitioner's sole contention for relief is that the trial court erred in placing the burden on petitioner to prove self-defense by a preponderance or greater weight of the evidence.

The trial testimony revealed that the facts are not in dispute until moments before Thomas shot and killed Hunter. The petitioner purchased a quantity of heroin, through a middle man, from Hunter. After determining the heroin was not of good quality, Thomas sought to reacquire the money she paid for it. Hunter eventually

returned some, but not all, of the money, and a heated discussion between the two followed. Determined to recover the remaining amount of money, the petitioner borrowed a pistol from Sammy White and went into Dell's Lounge where Hunter was drinking with friends. Once in the lounge, she approached Hunter and demanded that he give back her money. At gunpoint, Hunter smiled and gave her four dollars. She began to retreat, heading away from him and toward the door.

At this point, the evidence becomes controverted. The testimony presented by a series of eyewitnesses called by the State indicated that after the petitioner began to leave, she turned and said, "I ought to kill you," and shot four times. The statement of the petitioner which was introduced into evidence indicated that she got the gun from Sammy White on the condition she shoot the deceased.

The petitioner's rendition of the events moments before the fatal shooting was quite different. The petitioner testified that while retreating she heard Hunter threaten to kill her and saw him reach toward a bulge at his side. She knew the bulge to be a gun, and shot three times. Her explanation of the shooting was corroborated by an eyewitness.

The petitioner contends that the trial judge's instructions charging the jury that the defendant had the burden to prove the defense of self-defense by a preponderance of the evidence unconstitutionally relieved the State of its responsibility to prove beyond a reasonable doubt all of the elements of the crime charged. Petitioner's argument is essentially that self-defense negates both "malice aforethought" and "unlawfulness," and that both of these elements are essential elements of the State's case requiring proof beyond a reasonable doubt. The State argues that it proved all the elements of murder beyond a reasonable doubt; and that self-defense does not simply negate one of the essential elements of the crime, but rather self-defense is a true affirmative defense requiring proof by the petitioner. Finally, the State argues that

"unlawfulness" is not an element it must prove for the offense of murder.

The South Carolina Supreme Court has continuously held that self-defense is an affirmative defense requiring the accused to prove by a preponderance of evidence all the necessary factors. *State v. McDowell,* 272 S.C. 203, 249 S.E.2d 916 (1968); *State v. Atchison,* 268 S.C. 588, 235 S.E.2d 294 (1977); *State v. Bolton,* 266 S.C. 444, 223 S.E.2d 863 (1976). In order for this court to overrule the State Supreme Court on this matter, we would have to determine that the procedural rule of self-defense violated the petitioner's constitutional rights.

In South Carolina, the offense of murder is defined as "the killing of any person with malice aforethought, either express or implied." S.C.Code Ann. § 16–3–10 (1976). There is no issue in this case with regard to a "killing" or that a "person" was killed. The only issue is whether "malice aforethought" was present at the time of the killing. Malice may be presumed in South Carolina in the absence of circumstances of excuse or justification. *State v. Mason,* 54 S.C. 240, 32 S.E. 357 (1898). If the presumption was permissible, e.g., absence of circumstances of excuse, the presumption of malice would satisfy the State's burden to prove malice aforethought beyond a reasonable doubt. However, when all the circumstances of the case are fully developed, and the defendant produces evidence to show justification for the killing, any presumption as to malice will vanish. *State v. Rochester,* 72 S.C. 194, 51 S.E. 685 (1904). In essence, once the defendant produces evidence suggesting an absence of malice, the burden shifts back to the State to prove beyond a reasonable doubt the existence of malice. It is important to note that once an essential element of the State's case is presumed, the defendant need only to produce a slight amount of evidence negating the presumed element in order for the presumption to vanish, and the issue then becomes one of fact for the jury or fact-finder to determine. *Id.*

In the present case, "malice aforethought" could not be presumed since the petitioner came forward with evidence to suggest the killing was justified due to self-defense. Therefore, the State had the burden to prove "malice aforethought" to the jury beyond every reasonable doubt. The petitioner's argument centers on the fact that since instructions charged that petitioner had the burden to prove self-defense, and since petitioner contends self-defense disproves malice and unlawfulness, the petitioner was required to disprove malice and unlawfulness.

In order to fully understand the constitutional requirements of standards of proof and who has the burden to prove certain elements in a case, a survey of United States Supreme Court cases dealing with this issue is necessary. In 1969, the Supreme Court held that the prosecutor must prove every element of the charged offense beyond a reasonable doubt. *In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1969). This general principle appeared simple enough at the time of the opinion, but since then difficult issues as to what constituted elements of the crime and what was a true affirmative defense have perplexed courts everywhere.

In *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), the Supreme Court faced the task of determining whether Maine's rule requiring a defendant charged with murder to prove that he acted "in the heat of passion on sudden provocation" in order to reduce murder to manslaughter comported with the due process requirements set forth in *Winship.* In the State of Maine, malice aforethought was an essential element to the crime of murder, without which the homicide would be manslaughter. In the murder trial for defendant Wilbur, the jury was instructed that if the State established that the homicide was both intentional and unlawful, malice aforethought was to be conclusively implied unless the defendant proved by a preponderance of the evidence that he acted in the heat of passion. The trial court emphasized that malice aforethought and heat of passion on sudden provocation are two inconsistent things; thus, by proving the latter

the defendant would negate the former. The Supreme Court held that the Due Process Clause required the State to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide case. In order to clearly understand the Court's holding, it is important to note two aspects of the case: (1) the Court found that the heat of passion defense negated an essential element of the crime of murder—malice aforethought, and (2) even though the defendant produced evidence to rebut the malice presumption, i.e., the heat of passion defense, the presumption never vanished and the State was never required to prove the malice element.

The Supreme Court apparently limited the extent of *Mullaney* in its opinion in *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). In *Patterson,* the Court held a New York law requiring the defendant in a murder case to prove by a preponderance of the evidence the affirmative defense of extreme emotional disturbance was not in violation of the Due Process Clause. In distinguishing this case from *Mullaney,* the Court attempts to shed some light on what constitutes essential elements that the State must prove beyond a reasonable doubt.

Patterson was charged with second-degree murder. In New York, there are two elements to this offense: (1) intent to cause death; and (2) causing the death of a person. Malice aforethought is not an element of the crime. The State permits an accused to raise the affirmative defense that he acted under extreme emotional disturbance, but the accused has the burden to prove by a preponderance of evidence that such defense actually existed. If the jury determines that the accused intentionally killed but has satisfied his burden of proof as to the affirmative defense, then the jury had to find the defendant guilty of a lesser offense, manslaughter, instead of murder.

The Court began its analysis in *Patterson* by stating it is within a State's authority to regulate procedures under which its laws are carried out, including the burden of persuasion and burden of producing evidence, and such regulations are not subject to proscription under the Due Process Clause unless they offend some fundamental principles of justice. *Id.* at 201–202, 97 S.Ct. at 2322. And recognition of certain defenses that an accused may attempt to raise

> does not require the State to prove its nonexistence in each case in which the fact is put in issue, if in its judgment this would be too cumbersome, too expensive, and too inaccurate. We thus decline to adopt as a constitutional imperative, operative countrywide, that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused. Traditionally, due process has required that only the most basic procedural safeguards be observed; more subtle balancing of society's interests against those of the accused have been left to the legislative branch....
>
> ... [T]he fact that a majority of the States have now assumed the burden of disproving affirmative defenses—for whatever reasons—[does not] mean that those states that strike a different balance are in violation of the Constitution.

*Id.* at 209–211, 97 S.Ct. at 2326–2327.

The Court held that Patterson's conviction under the New York law did not deprive him of due process of law. The Court noted two important facts distinguishing this case from *Mullaney.* First, "nothing was presumed or implied against Patterson." *Id.* at 216, 97 S.Ct. at 2330. The State had the burden to prove beyond a reasonable doubt all the elements of the murder offense—the death, the intent to kill, and causation. Second, the affirmative defense of emotional disturbance "[did] not serve to negative any facts of the crime which the State is to prove in order to convict of murder. It [constituted] a separate issue on which the defendant [was] required to carry the burden of persuasion." *Id.* at 207, 97 S.Ct. at 2325.

In its most recent discussion of the burdens of proof in homicide cases, the United

States Supreme Court, in *Engle v. Isaac*, —— U.S. ——, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), was asked to determine whether an unconstitutional shifting of burdens had taken place when a state required a defendant to prove his defense of "self-defense" in murder cases. Of course, that is the precise issue with which this court is presently confronted.

The *Engle* case actually involved three separate defendants who were convicted for murder after criminal trials in the State of Ohio. In all three trials, the trial judge instructed the jury that the accused bore the burden of proving "self-defense" by a preponderance of the evidence.

For over a century prior to 1974, the Ohio courts required criminal defendants to carry the burden of proving self-defense by a preponderance of the evidence. *Id.* at 1562. However, on January 1, 1974, a new criminal code for the State became effective, and the new code placed only the burden of production, not the burden of persuasion, on the defendant for all affirmative defenses.[1] For more than two years after its enactment, most Ohio courts assumed that the new code section did not interfere with the State's traditional burden-of-proof rules. Then, in 1976, the Ohio Supreme Court construed the statute to place the burden of disproving all affirmative defenses, such as self-defense, on the prosecutor.[2] All three convictions dealt with in the *Engle* case occurred after passage of the new criminal code, but before the Ohio Supreme Court decided that the burden-of-proof rules for affirmative defenses had been changed.

All three defendants petitioned for habeas corpus relief after exhausting their state remedies on the grounds that the jury instructions unconstitutionally shifted the burden of proving self-defense to them while state law clearly required the prosecutor to disprove such a defense.

The petitioners contended, *inter alia,* that self-defense negates certain elements of criminal behavior since self-defense justifies an otherwise criminal act. Therefore, it was argued, once a defendant raises the possibility of self-defense, the state must disprove that defense as part of its task of establishing guilty *mens rea,* voluntariness, and unlawfulness. *Id.* at 1568.

Instead of facing this issue directly and attempting to clear up this murky area, the Supreme Court decided the outcome of all three cases on other grounds. The Court determined that by failing to object to the trial judge's charges at the end of the trial, the petitioners failed to preserve their claim before the state courts, and the principles articulated in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), barred consideration of the claim in a federal habeas proceeding. Since the Court's holding is not relevant to the pending issues presented to this court, it is not necessary to discuss the actual holding. The Court, while addressing the argument of an unconstitutional shifting, did state that

> [t]his argument states a colorable constitutional claim. Several courts have applied our *Mullaney* and *Patterson* opinions to charge the prosecution with the constitutional duty of proving absence of self-defense.... While other courts have rejected this type of claim, the controversy suggests that respondents' argument states at least a plausible constitutional claim.

The Court cited numerous cases for both propositions, and the Fourth Circuit Court of Appeals was cited for accepting and rejecting the proposition that the burden is on the prosecutor to prove the absence of self-defense.[3]

In his concurring opinion, Justice Stevens rejected the majority's preoccupation with procedural hurdles and concluded that the Constitution does not require a prosecutor

---

1. Ohio Rev.Code Ann. § 2901.05(A) (1975).

2. *State v. Robinson,* 47 Ohio St.2d 103, 351 N.E.2d 88 (1976).

3. *Engle,* 102 S.Ct. at 1568, nn. 23 and 24, citing *Wynn v. Mahoney,* 600 F.2d 448 (4th Cir. 1979) and *Baker v. Muncy,* 619 F.2d 327 (4th Cir. 1980).

to shoulder the burden of disproving self-defense whenever willfulness is an element of the offense. Justice Stevens stated he would have reversed the judgment of the Court of Appeals, as the majority did, but his reversal was based on the merits of the petitioner's claims.

As can be expected, the Circuit Courts of Appeal have struggled with the full meaning of the above line of cases. In particular, the Fourth Circuit Court of Appeals has made it unclear exactly how they read and interpret *Mullaney* and *Patterson*. In *Frazier v. Weatherholtz*, 572 F.2d 994 (4th Cir. 1978), the Circuit Court reversed the district court's determination to grant the habeas corpus relief. The district court held that the trial court's instructions to the jury with regard to self-defense ran afoul of the constitutional principle enunciated in *Mullaney*. The State of Virginia appealed to the Fourth Circuit.

The Court of Appeals initially held that the instruction challenged by Frazier passed constitutional muster because the instruction did not actually shift the burden of persuasion to the accused. However, they did not stop with that holding. The Court continued by reasoning that it was unnecessary to rest their decision on that basis since the *Patterson* case was dispositive of this case. Although the court did not elaborate in detail, a reading of the opinion suggests that since the State of Virginia considered self-defense an affirmative defense, it was not unconstitutional to require the defendant to bear some burden of proof.

Just when it appeared the Fourth Circuit had determined a state may constitutionally require a defendant to prove self-defense, their opinion in *Wynn v. Mahoney*, 600 F.2d 448 (4th Cir. 1979), apparently conveyed a contrary result. In *Wynn*, the defendant was charged with murder in North Carolina, and the trial judge instructed the jury that the defendant had the burden of proving self-defense to the satisfaction of the jury. The Fourth Circuit determined that the placing of the burden of proving self-defense on the defendant was unconstitutional under *Mullaney*.

The court in *Wynn* acknowledged that the State of North Carolina was required by its own rules to prove malice and unlawfulness beyond a reasonable doubt. Then the court reasoned that a killing committed in self-defense made the act lawful. Since the element of "unlawfulness" was an essential element of the offense of murder, it would be unconstitutional to require the defendant to disprove or negate by a preponderance of the evidence any element of the offense that the prosecutor was required to prove beyond a reasonable doubt. See *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1969). It would appear that the defendant's burden of proof as to any essential element of the offense charged would be merely to create a reasonable doubt as to the element's existence after the prosecutor has proven the element beyond a reasonable doubt.

At the conclusion of its opinion, the Court distinguished its earlier holding in the *Frazier* case. The Court noted that there was no indication that the State of Virginia regarded "unlawfulness" as an element of murder. *Wynn* at 451, n.4. Since self-defense was directed only at the lawfulness of the act, and the lawfulness of the act was not an essential element of murder to be proved by the State of Virginia, self-defense was a true affirmative defense under Virginia law.

This logic was affirmed by the Fourth Circuit in *Baker v. Muncy*, 619 F.2d 327 (4th Cir. 1980). In a first-degree murder case, the court accepted the Virginia Supreme Court rule that "absence of self defense is not an element of murder under Virginia law." *Id.* at 331. Therefore, the court found "that self-defense is an affirmative defense under Virginia law and the State may, under principles set forth in *Patterson* (cite omitted), cast upon the accused the burden of proving self-defense." *Id.*

The court continued by saying it did not follow that petitioner's theory of the case, murder in self-defense, relieved the State of its obligation to prove all the essential elements of first-degree murder. Even in the absence of proof by the defendant that

self-defense existed, the defendant could be acquitted if the State did not prove beyond a reasonable doubt all the elements of the crime charged.

The Fourth Circuit had occasion to review the *Mullaney* and *Patterson* cases one more time in *Guthrie v. Warden, Maryland Penitentiary,* 683 F.2d 820 (4th Cir. 1982). In that case, petitioner Guthrie was convicted of first-degree murder in a Maryland criminal court. He filed for habeas corpus relief on the grounds that the jury was unconstitutionally instructed with respect to the burden of proof for self-defense. In a split decision, the panel of judges held that the trial judge's charge unconstitutionally shifted the burden of proving self-defense to the accused. Judge Hall dissented, concluding that the jury instructions did not lead the jury to conclude that Guthrie had the burden of proving self-defense. At 826.

In its majority opinion, the Court concluded that self-defense was wholly inconsistent with malice, which is an element of murder in Maryland.[4] Therefore, the Court apparently concluded that the state must disprove self-defense to establish the element of malice beyond a reasonable doubt. However, in the same breath, the Court cited *Baker v. Muncy, supra,* which allowed the State of Virginia to require the accused to shoulder the burden of proof of self-defense, and *Wynn v. Mahoney, supra,* which held the North Carolina rule of placing the burden on the defendant to prove self-defense was unconstitutional.

Significantly, the Court emphasized that Virginia law on self-defense differs from North Carolina law on self-defense. As stated earlier, Virginia does not require proof of the absence of self-defense in a murder offense, but North Carolina does since "unlawfulness" is an essential element of the offense of murder. In the *Guthrie* case, the Court noted that the Maryland Supreme Court has held it to be unconstitutional to require the defendant to prove self-defense. *See Evans v. State,* 28 Md.

App. 640, 349 A.2d 300 (1975), *aff'd,* 278 Md. 197, 362 A.2d 629 (1976).

The only conclusion this court can reach from all the opinions rendered by the Fourth Circuit dealing with the burden of proof in self-defense cases is that procedural rules such as burdens of proof are to be determined by the individual states, unless a state rule requires a defendant to bear the burden of proof as to an essential element of the offense. Furthermore, this general conclusion seems consistent with the United States Supreme Court's holding in *Patterson v. New York, supra.*

A review of the United States Supreme Court and the Fourth Circuit Court of Appeals cases on the issue of burden of proof holds the state may not be relieved of proving beyond a reasonable doubt any of the elements of the crime charged. However, the defendant may be required to prove an element of fact not specifically requiring proof by the state. Such an element or fact would constitute an affirmative defense since it involves issues separate from the elements requiring proof by the state. The defense would not constitute a true affirmative defense if proof of the defense simply negates an element of the crime. This point was relevant in *Mullaney* where the court found the defense of "heat of passion" negated the element of malice. Since the defendant was required to prove the fact of "heat of passion," the state was unconstitutionally relieved of its burden to prove malice aforethought.

■ Turning to the challenged instructions in the present case, this court will now determine whether the South Carolina rule requiring the defendant to prove self-defense violated due process as explained in the above-discussed cases.

The Supreme Court has recognized that states have the authority to regulate and balance the burdens of proof for any particular offense. Unless the state's rule offends some fundamental principles of justice in violation of a defendant's due proc-

4. At 824, n. 5.

ess rights, the Supreme Court will not intervene and require different procedural rules. *Patterson,* 432 U.S. at 201, 97 S.Ct. at 2322.

As for the particular offense of murder, the trial judge properly charged the elements in South Carolina to be a willful killing of a person with malice aforethought. *See* S.C.Code Ann. § 16–3–10 (1976). One of petitioner's contentions is that "unlawfulness" is a necessary element of the crime requiring proof of its existence. This court cannot find any support for petitioner's position. As in the State of Virginia, neither the "murder" statute nor the courts require proof as to the separate element of unlawfulness. The petitioner argues that it seems elementary that the State should prove "unlawfulness" before punishing her as a criminal. This court cannot argue with the proposition that the conduct must be determined unlawful before criminal punishment can be imposed, but such a determination is a legal conclusion following the jury's verdict. Since the jury returned a guilty verdict for murder, the court then deemed the conduct unlawful, and, therefore, punishable. Since South Carolina does not require proof of unlawfulness, petitioner's contention that self-defense negates the essential element of unlawfulness is without merit.

Malice aforethought, however, is an essential element of murder in South Carolina. *State v. Harvey,* 220 S.C. 506, 68 S.E.2d 409 (1951). Since all the circumstances of the case were developed at trial, and the defendant produced evidence suggesting absence of malice, malice could not be presumed. *State v. Rochester,* 72 S.C. 194, 51 S.E.2d 685 (1904). Therefore, the element of malice required proof by the State beyond a reasonable doubt.

Petitioner argues self-defense is really the inverse of malice, and requiring the petitioner to prove self-defense is really requiring proof of the absence of malice.

This court does not believe that self-defense is the same element as absence of malice.

Malice is defined as implying wickedness and excluding a just cause or excuse. *State v. Fuller,* 229 S.C. 439, 93 S.E.2d 463 (1956). Although self-defense clearly excuses the "wickedness" of malice, proof of self-defense is much more difficult to establish than proof of absence of malice. Self-defense requires establishing four conditions:

(1) That the accused was without fault in bringing on the difficulty;

(2) That the accused actually believed he was in imminent danger of losing his life or of sustaining serious bodily injury;

(3) That a reasonable, prudent person of ordinary firmness and courage would have entertained the same belief of imminent danger;

(4) That the accused had no other probable means of avoiding the danger of loss of life or sustaining serious bodily injury than to act as he did in the particular instances.

*State v. Hendrix,* 270 S.C. 653, 657–58, 244 S.E.2d 503, 505–506 (1978). In addition, some of the conditions have exceptions which this court need not consider at this time. In order to establish absence of malice, the four conditions of self-defense are not at all relevant. The defendant only needs to establish that she did not have wickedness in her heart at the time of the killing.[5]

Additionally, the reward accompanying proof of self-defense is different from the reward accompanying absence of malice. If a defendant can show the existence of self-defense, the jury will completely exculpate her. *Hendrix,* 270 S.C. 653, 244 S.E.2d 503. However, absence of malice, or failure of the state to prove malice beyond a reasonable doubt, only reduces a murder offense to voluntary manslaughter. *State v. King,* 158 S.C. 251, 155 S.E. 409 (1929); *See* S.C.Code Ann. § 16–3–50 (1976).

**5.** Of course, in a murder trial defendant does not have to prove absence of malice since the state must prove malice beyond a reasonable doubt.

Although self-defense is wholly inconsistent with malice,[6] proof of self-defense does not merely negate malice. Self-defense and absence of malice are two different elements. It may be said that self-defense cannot co-exist in a murder case with malice, but absence of self-defense may co-exist with absence of malice.

For the above reasons, this court finds it is incorrect to determine that self-defense is the inverse of malice aforethought. Therefore, proof of self-defense by a preponderance of the evidence does not shift the burden to the defendant to negate any of the State's essential elements for a murder offense.

A look at the charge objected to by the petitioner clearly shows that the State was required to prove all elements of the offense beyond every reasonable doubt. In relevant parts, the charge was as follows:

> It is the solemn duty of the jury if not clearly convinced of her guilt beyond every reasonable doubt to the contrary to acquit the defendant, or to find the defendant "not guilty." The burden of proof is upon the State of South Carolina to establish by evidence to your satisfaction the guilt beyond every reasonable doubt of this defendant here on trial for the crime of murder.

> . . . .

> . . . Self-defense. Mr. Foreman and members of the jury, the law of South Carolina recognizes the right of every person to defend herself from death or serious bodily harm; and to do this, she may use such force as is necessary, even to the point of taking a human life. In other words, self-defense is a complete defense and entitles one charges [sic] with an unlawful homicide to an acquittal or a verdict of not guilty if the legal elements of the plea of self-defense are shown to your satisfaction by the evidence. The right of self-defense rests upon necessity, either actual or reasonably apparent.

> . . . .

> . . . Where the defendant sets up, as here, the plea of self-defense and undertakes to present a case of apparent danger which is honestly believed in as a defense, the jury should in justice to the accused consider all the surrounding circumstances and facts calculated to influence motive. Burden of proof in self-defense, I charge you that while *South Carolina is bound to prove every material allegation or claim of the indictment beyond every reasonable doubt in order to obtain a conviction,* the accused, if she seek [sic] to excuse the killing by relying upon the plea of self-defense, is required to establish such plea of self-defense by the preponderance or greater weight of the evidence, and therefore held to a lesser degree of proof than the State. I told you explicitly that the burden of proof on the State is beyond every reasonable doubt. On the plea of self-defense, the defendant must establish that plea of self-defense by a preponderance or greater weight of the evidence.

> . . . .

> . . . The accused is entitled to the benefit of every reasonable doubt arising upon the whole case after considering the testimony for and against any defense relied upon by the accused. *It does not matter whether or not the preponderance of the evidence is in her favor if you entertain a reasonable doubt as to her guilt. For under those circumstances, it would be your sworn duty to acquit the defendant or to find the defendant "not guilty."* (emphasis added). [Tr. p. 214–218.]

The charge instructed the jury that initially the State must prove all the elements of murder beyond a reasonable doubt. After that was accomplished, and only after all elements were proved beyond a reasonable doubt, the jury could then consider the defense of self-defense. The petitioner had the burden of proving the defense. But even if the petitioner failed to satisfy her

---

**6.** *See Guthrie v. Warden,* 683 F.2d 820 (4th Cir. 1982), n. 5.

burden of proving self-defense, the jury must acquit her if a reasonable doubt as to the State's elements were entertained by the jury. In essence, the instructions required acquittal if the petitioner established all the elements of self-defense, but if during her proof of self-defense the jury had a reasonable doubt as to the malice aforethought—the only element remaining for the State to prove—the jury could not convict her of murder, and the offense would be reduced to manslaughter. Throughout the charge, the judge cautioned the jury that any reasonable doubt as to the petitioner's guilt of murder required a "not guilty" verdict as to that offense.

Since this court has concluded that South Carolina's rule requiring proof by a defendant as to self-defense is not in violation of a defendant's constitutional rights when properly instructed by the trial judge, and since the trial judge in the present case did properly instruct that the State always had the burden to prove every element of the crime beyond a reasonable doubt, the petitioner's request for relief is denied.

AND IT IS SO ORDERED.